**Luis Alberto GUILLEN–COREA, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 13–73531.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2015.*

Filed Nov. 25, 2015.

Elsa Ines Martinez, Esquire, Law Offices of Elsa Martinez, PLC, Los Angeles, CA, for Petitioner.

OIL, Joanna L. Watson, Trial, Ernesto Horacio Molina, Jr., Esquire, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

## MEMORANDUM **

Luis Alberto Guillen–Corea, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's denial of his request for a continuance, and denying a motion to remand. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance and the denial of a motion to remand. *Malilia v. Holder,* 632 F.3d 598, 602 (9th Cir.2011); *Romero–Ruiz v. Mukasey,* 538 F.3d 1057, 1062 (9th Cir.2008). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Guillen–Corea's request for a fifth continuance where there was no pending I–130 visa petition at the time of the continuance request and Guillen–Corea's first I–130 had been denied. *See Matter of Hashmi,* 24 I. & N. Dec. 785, 790–92 (BIA 2009) (listing factors to consider when determining if a continuance is warranted when an I–130 petition is *pending,* including the viability of the petition and previous denials (emphasis added)); *cf. Malilia,* 632 F.3d at 606–07 (applying *Hashmi* factors).

The BIA did not abuse its discretion in denying the motion to remand where Guillen–Corea provided no supporting evidence to prove the viability of his second I–130 petition. *See* 8 C.F.R. § 1003.2(c)(1).

We lack jurisdiction to consider Guillen–Corea's request for prosecutorial discretion. *See Vilchiz–Soto v. Holder,* 688 F.3d 642, 644 (9th Cir.2012) (order).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**